Justice Breyer,
with whom Justice Ginsburg, Justice Sotomayor, and Justice Kagan join,
dissenting.
In Citizens United v. Federal Election Comm’n, 558 U. S. 310 (2010), the Court concluded that “independent expenditures, including those made by corporations, do not give rise to corruption or the appearance of corruption.” Id., at 357. I disagree with the Court’s holding for the reasons expressed in Justice Stevens’ opinion in that case. As Justice Stevens explained, “technically independent expenditures can be corrupting in much the same way as direct contributions.” Id., at 458 (opinion concurring in part and dissenting in part). Indeed, Justice Stevens recounted a “substantial body of evidence” suggesting that “[m]any corporate independent expenditures . . . had become essentially interchangeable with direct contributions in their capacity to generate quid pro quo arrangements.” Id., at 454-455.
Moreover, even if I were to accept Citizens United, this Court’s legal conclusion should not bar the Montana Supreme Court’s finding, made on the record before it, that independent expenditures by corporations did in fact lead to corruption or the appearance of corruption in Montana. Given the history and political landscape in Montana, that court concluded that the State had a compelling interest in limiting independent expenditures by corporations. 2011 MT 328, ¶¶ 36-37, 363 Mont. 220, 235-236, 271 P. 3d 1, 11. Thus, Montana’s experience, like considerable experience elsewhere since the Court’s decision in Citizens United, casts grave doubt on the Court’s supposition that independent expenditures do not corrupt or appear to do so.
*518 Were the matter up to me, I would vote to grant the petition for certiorari in order to reconsider Citizens United or, at least, its application in this case. But given the Court’s per curiam disposition, I do not see a significant possibility of reconsideration. Consequently, I vote instead to deny the petition.